MARTINEZ et al. v. COGGIN.†

(Court of Civil Appeals of Texas. Feb. 22, 1911. Rehearing Denied March 22, 1911.)

1. VENDOR AND PURCHASER (§ 334*) — CONTRACT—FRAUD.

Where, before the terms of sale of real estate were agreed on, the agent of the vendor falsely represented that the land was entitled to water rights, and the vendor reiterated the false statement, the purchaser relying on the false statement could rescind the contract for fraud, and recover the earnest money paid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 959–980; Dec. Dig. § 334.*]

**2. EVIDENCE (§ 434\*)—PAROL EVIDENCE—ADMISSIBILITY.**

Parol evidence is admissible to show that a contract reduced to writing was procured by fraud.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2005–2020; Dec. Dig. § 434.\*]

**3. VENDOR AND PURCHASER (§ 35\*)—FRAUD—MATERIAL MISREPRESENTATIONS.**

A false representation that real estate was entitled to water rights and privileges under a contract with a water users' association is material, and, if relied on by the purchaser, he may rescind the contract for fraud.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 45–51; Dec. Dig. § 35.\*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by J. A. Coggin against Felix Martinez and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Burgess & Burgess, for appellants. Jones & Jones, for appellee.

JAMES, C. J. This action was by Coggin against appellants, Felix Martinez and others, to recover $1,000 which had been paid by Coggin in connection with a contract of sale to him by appellants of certain land. The amended petition alleged false representations which were material and which induced him to enter into the contract and to pay in advance ·to appellants the said sum of $1,000 as forfeit or earnest money. The contract was embodied in an "earnest money receipt" set forth in the petition as follows: "$1000.00. El Paso, Texas, December 8th, 1908. Received of J. A. Coggin the sum of one thousand & no-100 dollars, earnest and forfeit money and part purchase money to close trade of sale to him of the following described property at the total sum of $23,000.00 twenty three thousand dollars. Surveys 151, 152, 153, 176, 177, 178, 179, 180, 182, 183, 184, 185, comprising 864 acres more or less, being of the 61 acre surveys of the San Elizario grant, state of Texas. Terms of sale: Eight thousand ($8,000.00) dollars on delivery of deed, balance in two payments equally divided in one and two years, notes bearing interest at the rate of eight per cent per annum, and payable semiannually, also said notes to be paid on or before. Title to be made good within thirty days from date and submitted to purchaser's attorney for approval. If said title is found not to be good, money will be refunded. Deed to be made to J. A. Coggin, or order, and all taxes to and through the year 1908 to be paid by seller and transfer of title to be made and executed by warranty deed. Deed to be delivered on or before Jan. 8, 1909, and deferred payments to be secured by vendor's lien on said premises. I hereby agree to complete the purchase of the property above described on terms named. Burges, Hammett & Martinez, by J. R. Bond, Agent. J. A.

Coggin, Purchaser. I accept this contract of sale: Felix Martinez, Owner." The false representations alleged were representations concerning the form and the location of the land with reference to a ditch; and the further representation to him that this land was signed up under a contract with the El Paso Valley Water Users' Association and entitled to the water rights and privileges thereunder, which representations plaintiff alleged were material, and, relying thereon, he was induced to enter into the contract of purchase, and to make the advance payment of said money. The action was to rescind the contract and to recover the $1,000 for failure on the part of appellant to comply with the agreement to make the title good within 30 days as provided in the receipt, and also on account of said representations. The court submitted the case upon the issue of false representations, and this is all we have to deal with on this appeal. The verdict was for plaintiff.

The first assignment of error and the propositions thereunder are as follows: "The court erred in overruling defendants' motion to strike from the record the testimony to the effect that defendant Martinez represented to plaintiff that the land described in the earnest money receipt was signed up for water rights under the Elephant Butte project, or otherwise, for the reason that it appears from the undisputed evidence that such representation, if made at all, was made after a conference between the parties at which the terms and conditions of the sale had been agreed upon and assented to by all parties, and such agreement as theretofore made was embodied in the earnest money receipt, and such representation, if made at that time, after agreement reached, was not as a matter of inducement to make a contract already made, and was not admissible to vary the terms of a written contract, unambiguous on its face."

First proposition: "Matters arising or representations made subsequent to the time the terms and conditions of the contract are agreed upon cannot be held as matters of inducement to make such contract."

Second proposition: "The defendants' contract with plaintiff was in writing, unambiguous, and bound defendants to convey to plaintiff the land described in the contract in fee simple and under warranty of title, and parol evidence varying the terms and conditions of the contract and rendering it impossible of performance by defendants was inadmissible."

The first of these propositions is based upon the idea that representations made after the terms of the agreement of sale have been reached, but before the terms are reduced to writing and signed, cannot be said to have operated in plaintiff's mind inducing him to make the contract. Whatever merit this

proposition possesses as a rule of law we need not discuss because the undisputed evidence is not to the above effect as the assignment asserts. There was testimony that prior to the occasion when the terms were agreed on, Mr. Bond, when out upon the land showing it to plaintiff, as agent of defendants, told him that the land was signed up. The witness Mathews testified that he told Bond the day before that Bond, Coggin, and himself and others went to look at the land, that Coggin would not take it if it was not signed up for water, and Bond told him that it was, and that he heard Bond tell Coggin, on the land, that it was signed up under the Elephant Butte project. Coggin testified that in purchasing this land he was acting on the information that Mr. Bond had given him, and that he represented the land to him in reference to its shape and boundary lines, and also in reference to its being signed up under the Elephant Butte project. It appears that, when the terms of the agreement were discussed and reached in the office of Mr. Martinez, there was an agreement, according to the testimony of Mr. Burges, as to how and when the purchase money was to be paid and all the terms of the contract, but that nothing was then said about the land being signed up for water rights, and there were then no representations made to that effect and no agreement made to sell ·land so signed up.

It appears that Hammett and Burges, who were present on that occasion, left the office, and that Martinez prepared the contract which ·was signed. Coggin testified that before he signed the contract he asked Martinez if the land was signed up under the Elephant Butte project, and that Martinez told him that it was; otherwise he would have refused to sign, and would not have taken the land; that he believed the statements of Martinez, and signed believing them to be true, and paid the money. Inasmuch as there was testimony showing a misrepresentation before the meeting at which the terms were arrived at, there is no merit in the proposition. The representation of Martinez at the time it was made at least was calculated to have the effect of accentuating and of confirming the representation made prior thereto by Bond.

The second proposition is without merit. Appellee was not attempting to vary by parol the terms of the contract. The effort was to annul the entire contract for false representations inducing its execution. · It is unnecessary to cite authorities to show that this can be done, and is almost invariably done, by means of parol testimony.

It was not claimed by plaintiff that one of ·the terms of the contract entered into was that defendants were to have the land signed up for the Elephant Butte irrigation privileges. If such had been the case, plaintiff would have had to allege and show that such provision had been omitted from the writing through fraud, accident, or mistake. If it had been true, as represented, that the land was already signed up for that privilege, there was no necessity or propriety for any contract between these parties in reference to it. That privilege entered into the substance and quality of what was being sold and into the consideration. If the privilege was not attached, the representation to the purchaser that it was, if material and if relied on by him and, but for it, he would not have bought, entitled him to rescind the transaction and recover what he had paid.

All the remaining assignments of error are based upon the fallacy embodied in above second proposition, and they are consequently overruled.

Judgment affirmed.